IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. 2:10-cr-29 |
| v. | ) | Civil Action No. 2:14-cv-1006 |
| | ) | |
| | ) | Judge Mark R. Hornak |
| ANDREW TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

Petitioner Andrew Terry was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Terry*, 2015 WL 4255527, at *1 (W.D. Pa. July 14, 2015). During a *Terry* search, Pittsburgh Police found a concealed stolen firearm tucked in his waistband, and he was previously convicted of a felony. *Id.*[1] He was sentenced to one hundred eighty (180) months in prison, the mandatory minimum statutory sentence after application of the Armed Career Criminal Act ("ACCA"). *Id.* at *2; (Transcript, July 13, 2012, ECF No. 116, at 4:23–25).[2] The Third Circuit affirmed the judgment of conviction and sentence. *United States v. Terry*, 518 F. App'x 125, 126 (3d Cir. 2013).

This Court denied his first motion to vacate under 28 U.S.C. § 2255, and declined to issue a Certificate of Appealability. (Opinion, ECF No. 152; Order, ECF No. 153.) Terry filed a second § 2255 Motion (ECF No. 159) based on the Supreme Court's decision in *Johnson v.*

---

[1] A more expansive discussion of the facts and procedural history of Mr. Terry's case may also be found at *United States v. Terry*, No. 10-0029, 2010 WL 4639068, at *1 (W.D. Pa. Nov. 8, 2010), *aff'd*, 518 F. App'x 125 (3d Cir. 2013).

[2] At the time, Mr. Terry's case was assigned to Chief Judge Gary L. Lancaster. On July 25, 2013, this case was assigned to Judge Mark R. Hornak. (*See* ECF, Judge Update, July 25, 2013.)

*United States*, 135 S. Ct. 2551 (2015) (*Johnson 2015*).[3] The Third Circuit granted Terry leave to file a second or successive § 2255 motion (ECF No. 162), on the grounds that he made a prima facie showing that his proposed motion relied on a previously unavailable, new rule of constitutional law (from *Johnson 2015*), made retroactive (by *Welch v. United States*, 136 S. Ct. 1257 (2016)) to case on collateral review. (*Id.*) With this Court's permission, Terry filed an amended § 2255 motion (Amended Motion to Correct Sentence, ECF No. 169 ("ECF No. 169")), and the Court dismissed as moot Terry's motion at ECF No. 159 (Order, ECF No. 170.) The Court stayed Terry's motion pending the outcome of the Third Circuit's consideration of other cases, including *United States v. Ramos*, No. 17-2720, which might bear on the Court's determination of this case. (Order, ECF No. 186.) The Third Circuit issued an opinion in *United States v. Ramos*, 892 F.3d 599 (3d Cir. 2018), on June 15, 2018, and shortly thereafter, this Court lifted the stay and permitted supplemental briefing on *Ramos*' applicability to Terry's motion. (Order, ECF No. 190.)

Now before the Court is Terry's amended § 2255 motion, filed October 26, 2016. (Amended Motion to Vacate under 28 U.S.C. § 2255, ECF No. 169 ("ECF No. 169").)

## I. **SECTION 2255 PETITION**

Terry avers that his sentence should be corrected because as a result of *Johnson 2015*, he no longer qualifies as an armed career criminal, and his sentence is therefore *per se* illegal. (ECF No. 169, at 2). *Johnson 2015* declared unconstitutional the ACCA's "residual clause," which permitted a conviction to be designated a "violent felony" if it "otherwise involves conduct that

---

[3] The Court refers to this case as *Johnson 2015* to avoid confusion with *Johnson v. United States*, 559 U.S. 133 (2010), which interpreted the ACCA's use of the phrase "physical force" in its definition of "violent felony."

2

presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B).[4] Terry argues that because of *Johnson 2015*, his prior Pennsylvania aggravated assault conviction no longer qualifies as a violent felony, and he therefore no longer has the three predicate convictions that would require enhanced sentencing under the ACCA. (*Id.*, at 4.) For the reasons that follow, although the Court concludes it has jurisdiction to consider Terry's second petition, it also concludes that per the Third Circuit's opinion in *Ramos*, Terry is not entitled to the relief he seeks.

## A. Jurisdiction

Although the Third Circuit made a preliminary finding pursuant to 18 U.S.C. § 2244(b)(3)(C) that Terry made a prima facie showing that his motion relied on a new rule of constitutional law, and authorized a successive petition under § 2255(h)(2) (Order Granting Leave to File a Second or Successive 2255 Motion, ECF No. 162), this Court must still conduct its own independent analysis of whether Terry bases his claim on a new constitutional rule. *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007); *see United States v. Mayo*, --- F.3d ---, 2018 WL 3999884, at *4 (3d Cir. Aug. 22, 2018) (concluding that the "District Court . . . erred by failing to assess its jurisdiction" before proceeding to the merits of the petitioner's second or successive motion).

Terry avers that he is entitled to relief under § 2255 because his sentence was issued in violation of his due process rights. (ECF No. 169, at 4.) The United States counters that the Court lacks jurisdiction to review his claim because "the record does not support Terry's

---

[4] The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 US.C. § 924(e)(2)(B) (emphasis added). Subsection (i) of the statute is known as the "elements" clause; subsection (ii) contains the "enumerated offense" clause and the italicized portion of the statute, known as the "residual clause."

3

argument that he was actually or even likely sentenced under the residual clause," aggravated assault was evaluated under the ACCA's elements clause at the time of Terry's state sentencing in 1997, and therefore his sentence was not based on the residual clause and he cannot rely on *Johnson 2015* to obtain review. (ECF No. 173, at 5–6.) Therefore, says the United States, Terry fails to meet the jurisdictional gatekeeping requirements set forth in § 2255(h).

The Third Circuit recently[5] dispensed with a variation of the United States' argument here, in *United States v. Peppers*, 899 F.3d 211 (3d Cir. 2018). There, the Court held that the petitioner did not need to "produce[] evidence that his sentenced depended solely upon the ACCA's residual clause," but rather § 2255(h) required only that he "show that his sentence *may* be unconstitutional." *Id.* at 221 (emphasis added) (internal quotation marks omitted). Moreover, "[t]o interpret the language [of § 2255(h)] as the government suggests would effectively turn the gatekeeping analysis into a merits determination, which defeats the purpose of the jurisdictional review." *Id.* at 223. Therefore, a Court examining its own jurisdiction need not determine that a petitioner seeking relief based on *Johnson 2015* was *absolutely* sentenced based on the now-unconstitutional residual cause in order for his claim to proceed. It is enough that his sentence *may* be unconstitutional in light of *Johnson 2015*.

Here, as in *Peppers*, the record reflects that Terry was sentenced to the mandatory minimum of fifteen years' imprisonment under the ACCA because the Court believed he had three prior convictions qualifying as serious drug offenses or violent felonies. (*See* ECF No. 116, at 4.) Because the sentencing Court did not specify whether it determined that any of the prior convictions it relied on were violent felonies under the elements clause or the now-unconstitutional residual clause, (*see id.*), the record at the time Terry filed his second motion

---

[5] The Court recognizes that the parties' filings on Terry's motion, at ECF Nos. 159 and 173, were written without the benefit of *Peppers* and *Mayo*, both of which were issued in August of 2018.

4

would facially indicate to Terry that he may have been sentenced contrary to *Johnson 2015*. (*See* ECF No. 94 ¶¶ 17 & 25.) That is enough to show that his second or successive motion relied upon the new rule of constitutional law announced in *Johnson 2015* and made retroactive in *Welch*. *See Peppers*, 899 F.3d at 224. The Court therefore concludes that it has jurisdiction to reach the merits of Terry's § 2255 motion.

### B. Terry's Pennsylvania Aggravated Assault Conviction

Terry avers that he "pled guilty to the lesser offense of aggravated assault under [§ 2702](a)(4), 'attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon,' as part of a plea agreement." (ECF No. 169, at 7.) Although the record did not previously reflect the specific subsection of § 2702 under which the defendant was convicted, the United States submitted *Shepard* documentation[6] establishing that Terry was indeed convicted under § 2702(a)(4), (*see Commonwealth v. Terry*, Cover Sheet and Supplement, Jan. 7, 1997, ECF No. 173–1), and Terry has conceded as much. (ECF No. 169, at 7.) Terry therefore qualified for an enhanced sentence under the ACCA based on two prior convictions for serious drug offenses and one prior conviction for aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(4), if his conviction under that state statute was a qualifying offense.

Section 2702(a)(4) criminalizes the act of "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to another with a deadly weapon." Terry avers that § 2702(a)(4) does not qualify as a violent felony under the ACCA's elements or enumerated offenses clause, and so he no longer has the three predicate convictions that would qualify him for the ACCA sentencing enhancement. Because he does not challenge his two prior serious drug offenses as valid predicates, his claim depends on his argument as to § 2702(a)(4).

---

[6] *Shepard v. United States*, 544 U.S. 13, 16 (2005).

5

The Third Circuit recently foreclosed Terry's argument in *United States v. Ramos*, 892 F.3d 599 (3d Cir. 2018). In *Ramos*, the Court held that "§ 2702(a) is divisible" under the modified categorical approach, and that "a § 2702(a)(4) conviction is categorically a crime of violence under the elements clause of the Guidelines." Although *Ramos* pertained to the United States Sentencing Guidelines ("U.S.S.G.") career offender enhancement's elements clause, rather than the similarly worded clause in the ACCA, "the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other." *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009). Identical to the U.S.S.G.'s elements clause, the ACCA's elements clause defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(1). *Ramos*'s holding that a § 2702(a)(4) aggravated assault conviction qualifies as a predicate crime of violence under the U.S.S.G. therefore applies to whether it is a predicate violent felony under the ACCA.

Because the Court concludes that Terry's conviction under § 2702(a)(4) is a violent felony under the ACCA's elements clause, Terry has failed to establish he was sentenced under the residual clause, and he is not entitled to § 2255 relief based on *Johnson 2015*. Accordingly, his Amended § 2255 Motion to Vacate at ECF No. 169 will be denied.

## II. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court concludes that jurists of reason would not disagree with the Court's resolution of Terry's claims. Therefore, no certificate of appealability will issue.

### III. CONCLUSION

For the foregoing reasons, Mr. Terry's Amended § 2255 Motion to Vacate at ECF No. 169 is DENIED.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: September 14, 2018
cc: All counsel of record